UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                          :
LEDARRIUS WRIGHT,                        :
                          :
                       Petitioner,  :
                          :         13-CV-6169 (VSB) (FM)
          -v-                      :
                          :         **OPINION & ORDER**
DALE ARTUS, Superintendent, Wende  :
Correctional Facility,                   :
                          :
                    Respondent.  :
                          :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/17/2018

Appearances:

Lawrence J. Fredella
Law Office of Lawrence J. Fredalla
New York, New York

Kimberly Summers
Summers & Schneider, P.C.
New York, New York
*Counsel for Petitioner*

Christopher Patrick Marinelli
New York County District Attorney's Office
New York, NY
*Counsel for Respondent*

VERNON S. BRODERICK, United States District Judge:

       Petitioner Ledarrius Wright filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 on September 3, 2013 (the "Petition"). (Doc. 1.) Before me is Magistrate Judge Maas's September 22, 2016 Report and Recommendation ("Report" or "R&R") recommending that the Petition be denied in full. (Doc. 19.) The Report also recommends that I deny Petitioner a certificate of appealability because he failed to make a substantial showing that his constitutional rights were abridged, as required by 28 U.S.C. § 2253(c)(2).

Petitioner timely filed written objections to the Report. (Doc. 20.) I have reviewed the Report and Petitioner's objections, and find the Report to be thorough and accurate in all respects. For the reasons stated herein, I overrule the objections and ADOPT the Report in its entirety. Accordingly, the Petition is DENIED.

The factual and procedural history is thoroughly set out in the Report, familiarity with which is assumed. Petitioner was convicted following a jury trial in New York Supreme Court, New York County of murder in the first degree and criminal possession of a weapon in the second degree. He was sentenced to an indeterminate term of twenty-five years to life on the murder conviction and a determinate term of fifteen years on the weapons conviction, to run consecutively. On appeal, the New York Court of Appeals affirmed the conviction and modified the sentences to run concurrently, resulting in an aggregate prison term of twenty-five years to life. *See People v. Wright*, 971 N.E.2d 358, 367 (N.Y. 2012).

## I. Legal Standards of Review

### A. *Review of Magistrate Judge's Report*

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)). "If a party timely objects to any portion of a magistrate judge's report and recommendation, the district court must make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Bush v. Colvin*, No. 15 Civ. 2062 (LGS) (DF),

2017 WL 1493689, at *4 (S.D.N.Y. Apr. 26, 2017) (quoting *United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015)). "Even where exercising de novo review, a district court 'need not . . . specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's report and recommendation in its entirety.'" *Id.* (quoting *Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006) (summary order)). "The objection must be specific and clearly aimed at particular findings in the R&R." *Bussey v. Rock*, No. 12-CV-8267 (NSR) (JCM), 2016 WL 7189847, at *2 (S.D.N.Y. Dec. 8, 2016) (internal quotation marks omitted). "Otherwise, the court will review the R&R strictly for clear error when a party makes only conclusory or general objections, or simply reiterates the original arguments." *Id.* (internal quotation marks omitted).

### B. AEDPA

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas petitions under 28 U.S.C. § 2254 may not be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). A state court's factual findings are presumed correct unless the petitioner comes forward with clear and convincing evidence to rebut the presumption. 28 U.S.C. § 2254(e)(1).

## II. Discussion

Petitioner objects to Judge Maas's conclusions and recommendations. However, Petitioner largely repeats the same arguments that Judge Maas considered and rejected. Moreover, entire portions of the Petition were resubmitted verbatim in connection with

3

Petitioner's objections. (*Compare* Pet. 30–34, *with* Pet'rs Obj., Ex. 2 at 1-4 (repeating legal authority); *compare* Pet. 34–38, *with* Pet'rs Obj., Ex. 1 (repeating same twelve numbered paragraphs regarding instances of prosecutorial misconduct); *compare* Pet. 6–26, *with* Pet'rs Obj., Exs. 3, 4 (repeating same factual background)).[1] In short, Petitioner's objections were not "specific and clearly aimed at particular findings in the R&R." *Bussey*, 2016 WL 7189847, at *2 (internal quotation marks omitted). Accordingly, Petitioner's arguments merit review only for clear error. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008); *see also Vega v. Artuz*, No. 97Civ.3775LTSJCF, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke de novo review of the magistrate's recommendations."). However, I will undertake de novo review in an abundance of caution and in the interest of fairness to the Petitioner. *See Bingham v. Duncan*, No. 01Civ.1371(LTS)(GAY), 2003 WL 21360084, at *1 (S.D.N.Y. June 12, 2003).

Petitioner objects to the Report on the basis that it fails to properly weigh the impact of remarks the prosecutor made throughout trial, especially during summation. (Pet'rs Obj. ¶ 5.) Specifically, Petitioner argues that the presumption of innocence "was completely destroyed" by the prosecutor's conduct. (*Id.*) For the reasons set forth in the Report, (R&R 17–23),[2] I agree that Petitioner did not suffer actual prejudice because the prosecutor's comments were not so fundamentally unfair as to deny Petitioner a fair trial, *see Bentley v. Scully*, 41 F.3d 818, 824 (2d

---

[1] "Pet." refers to the Petition for Writ of Habeas Corpus by a Prisoner in State Custody Pursuant to 28 U.S.C. § 2254, filed on September 3, 2013. (Doc. 1.) "Pet'rs Obj." refers to Petitioner's Objections to Magistrate Judge Maas's Report and Recommendation, filed on October 11, 2016. (Doc. 20.)

[2] "R&R" refers to Judge Maas's Report and Recommendation, filed on September 22, 2016. (Doc. 19.)

Cir. 1994). In addition, I note that the New York Court of Appeals also "considered [Petitioner's] alternative argument regarding the prosecutor's remarks during summation and [found] it to be without merit." *Wright*, 971 N.E.2d at 367.

Petitioner also objects to Judge Maas's conclusion that the evidence of Petitioner's guilt "was extremely strong" and thus "even a more restrained prosecutorial summation would not have led to an acquittal." (R&R 22–23.) Specifically, Petitioner asserts that the eyewitness testimony from multiple witnesses, corroborating blood evidence, and Petitioner's flight immediately following the murders, do not constitute "extremely strong" evidence of his guilt.[3] (Pet'rs Obj. ¶¶ 6–11.) In addition, Petitioner argues that the guilty verdict was particularly close, as demonstrated by the length of the jury deliberations, and thus the prosecutor's improper comments could have been outcome determinative. (*Id.* ¶ 12.) As already stated, Petitioner's arguments with respect to the prosecutor's comments are without merit. In addition, I agree with Magistrate Judge Maas's conclusion that the evidence of Petitioner's guilt was extremely strong, (*see* R&R 22), and the fact that the jury deliberated for two days does not change this conclusion.

### III. Conclusion

For the reasons stated above, I hereby ADOPT Judge Maas's Report and Recommendation, (Doc. 19), in its entirety. Wright's petition for a writ of habeas corpus is DENIED. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c).

The Clerk of Court is respectfully directed to close the case.

---

[3] Petitioner fails to mention his own statements which, when coupled with his flight, constitutes powerful evidence of his consciousness of guilt.

5

SO ORDERED.

Dated: September 17, 2018
      New York, New York

Vernon S. Broderick
United States District Judge